IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIVONNE FLENORY-DAVIS,<br><br>                     Petitioner,<br><br>              vs.<br><br>SUZANNE M. PEERY, Warden, California Correctional Center, Susanville,<br><br>                     Respondent. | No. 2:15-cv-00425-JKS<br><br>ORDER<br>[Re: Motion at Docket No. 21] |

This Court denied Jaivonne Flenory-Davis, a state prisoner proceeding *pro se*, habeas relief and a certificate of appealability ("COA") on July 8, 2016. Docket Nos. 14, 15. Flenory-Davis timely filed a notice of appeal, which was processed to the Ninth Circuit Court of Appeals. Docket Nos. 16, 17. At Docket No. 21, Flenory-Davis filed a motion to proceed in forma pauperis ("IFP") on appeal.

Although Flenory-Davis's appeal is currently pending before the Ninth Circuit, "[t]he decision to allow an appeal to proceed in forma pauperis remains within the jurisdiction of the trial court after the filing of an appeal." *Zambrano v. Gipson*, No. LA CV 15-01794, 2016 WL 4040649, at *1 (C.D. Cal. July 6, 2016) (citation omitted). A person may be granted permission to proceed in forma pauperis if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating that this provision applies to all actions filed in forma

pauperis, not just prisoner actions). "'[T]he supporting affidavits [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty.'" *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quoting *Jefferson v. United States*, 277 F.2d 823, 725 (9th Cir. 1960)).

In support of his request, Flenory-Davis submits an application that shows he is indigent. He is therefore within the parameters necessary to grant an IFP application due to lack of assets. Accordingly, his application to proceed on appeal without the payment of a filing fee is granted.

The Court notes, however, that to proceed with his appeal, Flenory-Davis must apply for and receive a COA from the Ninth Circuit Court of Appeals. FED. R. APP. P. 22(b); 9th Cir. R. 22-1(d). The Ninth Circuit may issue a COA only if Flenory-Davis makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). If Flenory-Davis fails to make such a showing, and the Ninth Circuit does not issue a COA in his case, the grant of IFP status from this Court would be inconsequential.

**IT IS THEREFORE ORDERED THAT** the Motion for Leave to Proceed on Appeal in Forma Pauperis at Docket No. 21 is **GRANTED**.

Dated: September 29, 2016.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge